## In re ELECTRIC BOND & SHARE CO.

United States District Court
S. D. New York.
June 19, 1953.

Myron S. Isaacs Chief Counsel, Division of Public Utilities, Marvin S. Fink, Washington, D. C., for applicant, Securities and Exchange Commission.

Simpson, Thacher & Bartlett, New York City, for Electric Bond & Share Co. John F. MacLane, Richard Jones, Burton M. Abrams, New York City, of counsel.

Jacob Lippman, New York City, for Common Stockholders Committee of Electric Bond & Share Co. Jacob Lippman, Philip Levy, New York City, of counsel.

McGOHEY, District Judge.

The Securities and Exchange Commission (the "Commission") applies, pursuant to sections 11(e), 18(f) and 25 of the Public Utility Holding Company Act of 1935 [1]

1. 15 U.S.C.A. § 79 et seq.

(the "Act"), for approval and enforcement of a plan (the "Plan") designed to bring the Electric Bond and Share Company ("Bond and Share") into compliance with the Act.[2]

■■ ' A committee of Bond and Share common stockholders opposed the application on various grounds, of which the only one here considered is that the Commission lacks power to permit Bond and Share, prior to exemption, to make investments of the kind proposed in the Plan. For the reasons which hereafter appear I think the objection is valid. And that requires denial of the application since this Court may not modify or amend the Plan as submitted.

The Plan as proposed by Bond and Share contains the following provisions. Bond and Share proposes (Subd. C[6]) to "invest and reinvest from time to time in new or established enterprises," subject to certain limitations not here material;[3] Bond and Share requests (Subd. B[1]) an exemption from the provisions of the Act except section 9(a) (2)[4] thereof, *upon condition* that it will either register as an investment company under the Investment Company Act of 1940[5] or will otherwise subject itself to the provisions of that Act, such exemption *"to become effective automatically"* when the company shall have fulfilled these conditions and shall have reduced its holdings of United Gas Corporation stock below 5%; Bond and Share requests the Commission (Subd. B[2]) to issue an interim exemption order, permitting it "forthwith to commence its investment program."

The Commission refused "automatic exemption." Indeed it refused even to consider the question of exemption until such time, but not later than the end of 1954, as Bond and Share shall have actually effected the planned reduction of its United holdings and shall demonstrate to the Commission's satisfaction that it is no longer "affiliated" with United. The Commission nevertheless authorized Bond and Share to commence its proposed investment program immediately upon the entry of this Court's order of approval and enforcement. The Commission claims authority to do this under section 9(c) (3) of the Act.[6]

■ Bond and Share is now and until the end of 1954 and perhaps even thereafter, will be a registered holding company subject to the Act. It has yet to demonstrate its fitness for exemption and there is certainly no present assurance that even by the end of 1954 it will be able to do so. The Commission's refusal of "automatic exemption" shows, I think, that the Commission believed it at least possible that even at the end of 1954 exemption might again have to be refused. Nevertheless it has authorized Bond and Share in the interim to embark on a program of investment in securities which concededly are not "appropriate in the ordinary course of business of a registered holding company * * *." This action of the Commission is not based on any finding that such freedom of investment is necessary in order to effectuate the Plan. I have discovered no evidence in the record which would rationally support such a finding, and none has been called to my attention. The most the record shows is that the proposed program will convenience Bond and Share by permitting it at once to be free of the investment restrictions imposed by the Act on a registered holding company and to begin at once to operate as an investment company. Indeed the Commission does not argue that the proposed interim investment program is "necessary." Its argument is merely that during the period until Bond and Share is exempted from the Act, it will be not a mere registered holding company but a "registered holding compan[y] * * * in process of transformation into an investment compan[y]"; and that therefore "it would be unfair to investors to re-

---

2. The extended proceedings prior to this "Final Comprehensive Plan" are set out at length in the Commission's Findings and Opinion, Ex. F attached to the Commission's application.

3. They are set forth on p. 2, Ex. C attached to the Commission's application.

4. 15 U.S.C.A. § 79i(a) (2).

5. 15 U.S.C.A. § 80a et seq.

6. 15 U.S.C.A. § 79i(c) (3).

quire that during that time Bond and Share must sterilize its funds."[7] This assumes that the wide latitude appropriate for an investment company is the only alternative to "sterilization." Congress, however, certainly seems not to have thought these the only alternatives and I think they are not. Although the investment problems inherent in the "process of transformation" were undoubtedly apparent to Congress, it did not authorize the Commission to ameliorate or solve them by permitting, during a transformation process of indefinite duration, the wide range of speculative investment permissible after transformation has been effected. Congress in section 9(c) (3) has limited the Commission's authority to permitting, even during "the process of transformation," investments in only such securities as are "appropriate in the *ordinary course of business* of a *registered holding company*" [emphasis supplied]. If this authorization be thought too restrictive, enlargement must be sought from Congress. It cannot be effected by the Commission; or by this Court.

The application is denied.

Settle order.